

U.S. Department of Justice

Criminal Division

*Two Constitution Square, 2nd Floor, East Wing*
*145 N Street, N.E.*
*Washington, D.C. 20002*

April 17, 2025

**BY CM/ECF**

Honorable Patricia S. Dodszuweit, Clerk
Office of the Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re: *Stephen McCarthy v. Drug Enforcement Administration;* Third Circuit Docket Number 24-2704, Letter Regarding Documents Cited in the Respondent's Brief

Dear Ms. Dodszuweit:

      Undersigned counsel for the respondent, the Drug Enforcement Administration (DEA), files this letter pursuant to the Court's Order of April 7, 20205, directing the respondent to file copies of the two Attorney General Orders cited on pages 16 and 17 of its brief (https://dojnet.doj.gov/directives/agorders/4924-2020.pdf and https://dojnet.doj.gov/directives/agorders/4315-2018.pdf). Accordingly, copies of the two single-page Orders are attached with this letter.

      Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: *** (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). The attached Orders from Attorney General Sessions and Attorney General Barr, respectively, were obtained from the Department of Justice intranet, are accurate copies of the orders signed in 2018 and 2020, and there is no reasonable basis to challenge their authenticity. *See United States v. Kelly*, 2024 WL 5155558 at *2, note 4 (3d Cir. December 18, 2024) (This Court took judicial notice of a plea transcript not introduced in the District Court where there was no dispute about the authenticity of the transcript.) This Court also took judicial notice of facts stated in a media interview as they could be "readily determined from sources whose accuracy cannot reasonably be questioned." *Pepper v. Attorney General Pennsylvania*, 2024 WL 5102861 at *2, note 4 (December 13, 2024). Similarly, here there is no reasonable basis to challenge the accuracy of the orders and the respondent requests this Court to take judicial notice of both orders.

      The respondent is not seeking judicial notice of the Orders as public records because, although both are available to the public through Freedom of Information Act (FOIA) requests, the Department of Justice intranet is not publicly accessible and they are not readily accessible by the public. *cf. In re Application of Adan,* 437 F.3d 381, 389 (3d Cir.2006).

      In addition to requesting judicial notice, pursuant to Federal Rule of Evidence 201(b)(2), the respondent requests this Court to supplement the record, pursuant to Federal Rule of Appellate Procedure 16(b). As discussed in the respondent's brief, the petitioner's claim challenging the appointment of the Administrative Law Judge who presided over the hearing was not raised during the administrative proceeding and was forfeited. Resp. Brief at 16-18. The absence of these 2 Orders from the agency record confirms that the failure to raise the Appointments Clause challenge was forfeited. If the petitioner had challenged the appointment of the presiding Administrative Law Judge, then the Orders would have been included to refute the claim as meritless. His failure to raise the challenge below should not deprive the respondent or this Court from establishing that the claim is baseless. The respondent will be unduly prejudiced by the absence of all necessary facts to refute a claim that was first raised in the petition for review before this Court. Accordingly, the respondent respectfully asks this Court, in the alternative, to supplement the record with the two Orders.

      Sincerely,

s/ Anita J. Gay
Anita J. Gay
Trial Attorney
U.S. Department of Justice
Criminal Division
Narcotic and Dangerous Drug Section
145 N Street, N.E., Suite 2E-404
Washington, D.C. 20530

cc:    Daniel A. Pallen, Esq.
        Counsel for Stephen McCarthy

**CERTIFICATES OF COMPLIANCE AND SERVICE**

I certify that this letter contains 697 words according to the count of Microsoft Office 365, and that this is within the word limit provided by Fed. R. App. P. 28(j). I certify that on April 17, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Anita J. Gay  
Anita J. Gay

# Office of the Attorney General
## Washington, D.C. 20530

December 1, 2020

ORDER NO. 4924-2020

APPOINTING PAUL E. SOEFFING AS AN ADMINISTRATIVE LAW JUDGE,
OFFICE OF ADMINISTRATIVE LAW JUDGES,
DRUG ENFORCEMENT ADMINISTRATION

By the authority vested in me as the Attorney General by law, including 28 U.S.C. §§ 509 and 510 and 5 U.S.C. § 3105, I hereby appoint Paul E. Soeffing as an Administrative Law Judge in the Office of Administrative Law Judges, Drug Enforcement Administration.

This order shall be effective on the first day of the pay period in which the oath of office is taken.

December 1, 2020
Date

William P. Barr
Attorney General



# Office of the Attorney General
## Washington, D. C. 20530

ORDER NO. 4.315-2018

RATIFICATION OF PRIOR APPOINTMENTS OF
UNITED STATES DEPARTMENT OF JUSTICE,
DRUG ENFORCEMENT ADMINISTRATION,
ADMINISTRATIVE LAW JUDGES

By virtue of the authority vested in me as Attorney General, including 28 U.S.C. §§ 509 and 510, I hereby ratify the prior appointment of the individuals listed below to the office of administrative law judge in the Department of Justice, Drug Enforcement Administration, and I today approve these appointments as my own under the Constitution.

John J. Mulrooney III

Charles W. Dorman

Mark M. Dowd

10/25/18
Date

Jefferson B. Sessions III
Attorney General