**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

| | | |
|---|---|---|
| STEPHEN MCCARTHY | : | |
| *Appellant* | : | No. 24-2704 |
| v. | : | |
| | : | |
| DRUG ENFORCEMENT | : | |
| ADMINISTRATION | : | |

**RESPONSE TO CLERK'S TEXT ORDER ENTERED MAY 15, 2025**

Petitioner and Appellant, **STEPHEN MCCARTHY P.A.**, by and through undersigned counsel, timely responds the Clerk's Text Order made at direction of the Court on May 15, 2025, requesting that Petitioner provide an explanation of whether and how he verified accuracy of citations to the Federal Register made in his Opening Brief.

1. The Opening Brief in this matter was filed on September 30, 2024, by Daniel A. Pallen, Esquire on behalf of STEPHEN MCCARTHY P.A., which made, *inter alia*, constitutional challenges to the underlying DEA Certificate of Registration proceedings against McCarthy; namely as to the ALJ's removal protections and appointment.

2. The section of the Brief at issue are pages 32 to 35 wherein MCCARTHY argued: "The Recommended Decision of the ALJ is Arbitrary and Capricious and a Result of an Abuse of Discretion." (Brief at 32).

3. In that section the Brief made eight (8) separate citations to the Federal Register as follows:

| Case/Matter | Citation | Description of Event/s Proceedings |
|---|---|---|
| a. Gregory Owen | Incorrect | Incomplete/Incorrect |
| b. Wesley Pope | Correct | Incorrect |
| c. Tyson D. Quy | Correct | Incorrect |
| d. Keith K. Ly | Incorrect | Incorrect |
| e. Randall L. Wolff | Correct | Incorrect |
| f. Mirielle Lalanne | Correct | Incorrect |
| g. Christopher Henry Lister | Correct | Incorrect |
| h. Joilyn L. Wade | No Citation available | Incorrect |

4. Appellee's Brief filed on December 16, 2024, comprehensively addressed each of the citations above and presented both the proper citation and accurate description of the proceedings/outcomes as to each litigant. (ECF Doc. 27 at. pp. 40-43).

5. Petitioner, in accordance with the Text Order, hereby attaches copies of the decisions with regard to: (a). Gregory Owen; (b). Wesley Pope; (c). Tyson D. Quy, (d). Keith K. Ly; (e). Randall L. Wolff; (f). Mirielle Lallanne; and (g). Christopher Henry Lister. ***See*** **(Exhibits A-G).**

6. There is no citation for Joilyn L. Wade and it now appears to undersigned counsel that no such DEA proceeding against a "Joilyn L. Wade" has ever occurred.

7. By September 20, 2024, and with about ten (10) more days left for the filing, the Appellant's Brief had been effectively completed.

8. On September 22, 2024, MCCARTHY e-mailed counsel with the subject line: "Examples of cases". That email contained the citations to the eight (8) federal register matters listed in the table set forth in ¶ 2 above. **(Exhibit "H").**

9. Prior to the receipt of the email your undersigned and MCCARTHY collaborated on various aspects of the Brief; mainly those challenges to DEA appointment process the statutory removal restrictions as applied to DEA ALJs.

10. All of the citations and legal arguments collaboratively advanced in those sections of the Opening Brief were vigorously researched and selected for inclusion in the brief.

11. Upon receipt of MCCARTHY's September 22, 2024, e-mail including the suggested federal register citations, your undersigned modified some of the language for ease of reading and then simply incorporated the same into the brief.

12. Undersigned counsel did not look up or "shepardize" the citations through Lexis-Nexis™ which is the in-house legal software used; nor did your undersigned verify the accuracy of the summaries in any other fashion such as through a standard search engine.

13. Rather, after telephone discussion with MCCARTHY, your undesigned was satisfied that the research supplied was accurate given McCarthy's representations that: (i) the content was located from the Federal Register; and (ii) the client's "hands-on" collaboration in preparing the brief.

14. Later, and during the appeal process and after the opening briefs of both sides had been submitted, MCCARTHY requested that your undersigned file a reply brief.

15. When your undersigned sent MCCARTHY a draft of the reply-brief on January 29, 2025, MCCARTHY rapidly responded and supplied a new version which was dense and far more complete than the draft sent by your undersigned.

16. It was this rapid return of a near finished product (i.e. reply brief) that led to your undersigned asking MCCARTHY whether or not he had been employing the use of Artificial Intelligence ("AI") to assist in drafting.

17. MCCARTHY confirmed in early February 2025 that AI was used for much of his research.

18. In mid-February 2025, it first occurred to your undersigned that AI had generated the descriptions of those eight (8) federal register citations which MCCARTHY had supplied.

19. Since the Appellee had systematically dispensed with the eight (8) citations by way of argument in its own brief, and since the matter of "ALJ arbitrary and capricious conduct" was a tertiary argument advanced within the brief, your undersigned did not feel the need to correct or retract the citations. In sum, the Appellee's brief already defeated those citations.

20. Moreover, it became apparent by February 20, 2025, that the arguments surrounding the tertiary matter of "ALJ arbitrary and capricious conduct" might not even need to be considered in this appeal. *See* (ECF Doc. 40) (Appellant's 28(j) Letter informing of DOJ's statement acknowledging that multiple layers of removal restrictions to be unconstitutional).

21. Undersigned counsel routinely drafts all of his own work product and does not employ the use of Artificial Intelligence for either drafting or legal research.

22. Undersigned counsel is aware of the dangers of AI generating fake or non-existent cases or otherwise manufacturing incorrect case summaries. In fact, your undersigned attended a CLE hosted by the Eastern District of Pennsylvania in 2024 which lectured on the topic of AI dangers in document drafting.

23. Undersigned counsel *still* does not use AI for research. Authority which he supplies to all courts is cross-checked with Lexis-Nexis™.

24. In this instance, however, the federal register case descriptions as included in the Opening Brief were confirmed to have been generated by AI and supplied to counsel by his client.

25. Undersigned counsel did not perform a reasonable inquiry under the circumstances. Although the content included in the brief *was not* included for an improper purpose, it is now plain that the factual contentions supplied therein did not (and do not) have evidentiary support.

26. Undersigned counsel also recognizes that sincerely believing the descriptions supplied by the September 22, 2024, e-mail to be true was insufficient where there is no evidentiary support and no reasonable inquiry was made under the circumstances.

Respectfully submitted,

**THE LAW OFFICES OF**
**DANIEL A. PALLEN, P.L.L.C.**

Daniel A. Pallen, Esquire
PA Attorney ID: 207001
114 West Front Street
Media, PA 19063
(484) 550-7542
(484) 550-7532 *fax*

**CERTIFICATION**

I hereby certify that the within "Response to Text Order of May 15, 2025" and Hard Copies of the same (if any) are identical.

Daniel. A. Pallen, Esquire

**CERTIFICATION OF BAR MEMBERSHIP**

I, Daniel A. Pallen, hereby certify that your undersigned, counsel for the Appellant/Petitioner, Stephen McCarthy, is a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

______

Daniel. A. Pallen, Esquire

**CERTIFICATE OF COMPLIANCE**

1. This "Response to Text Order" complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d) because it includes fewer than 2,600 words.

2. This "Response to Text Order" complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) because it has been prepared in a proportionally spaced typeface using Microsoft Office 365 Version 2024: (May 19, 2025) in 14-point Times New Roman Font; and

3. This "Response to Text Order" complies with this Court's Rule 31.1(c) because the document has been scanned with McAfee Endpoint Security Version 10.6 and is free of viruses.

Daniel. A. Pallen, Esquire