UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24-2704

STEPHEN MCCARTHY, P.A.,
Petitioner
v.

UNITED STATES DRUG ENFORCEMENT ADMINISTRATION

(DEA No. 23-40)

Present: PHIPPS, CHUNG, and ROTH, Circuit Judges

_____ORDER_____

Counsel for Petitioner, Daniel A. Pallen, Esq., is ordered to show cause why he should not be sanctioned for his conduct with respect to the briefing in this case, specifically with regard to his lack of candor to the Court. See ECF 45-1 (explaining that Counsel "confirmed" that text had been generated by AI in February and that "it first occurred" to Counsel "[i]n mid-February 2025" that certain case descriptions had been generated by AI); id. (first informing this Court of that belief on May 19, 2025 and only after prompting from this Court); Third Circuit Rules of Attorney Disciplinary Enforcement 2.1(e) (allowing this Court to discipline a member of the bar of this Court for "any other conduct unbecoming a member of the bar of this Court"); Third Circuit Rules of Attorney Disciplinary Enforcement 2.1(d) (allowing this Court to discipline a member of the bar of this Court for "conduct that violates the Rules of conduct of any court of … any state, territory, or commonwealth of the United States to which the respondent is subject"); Pa. R. Pro. Conduct 3.3 (discussing the duty of candor); Third Circuit Rules of Attorney Disciplinary Enforcement 2.1(c) (allowing this Court to discipline a member of the bar of this Court for "conduct with respect to this Court which violates the Federal Rules of Appellate Procedure"). In particular, Counsel shall address whether he violated his duty of candor to the Court in filing his Reply Brief where he (1) represented that his Opening Brief was "a good faith effort to chronicle Agency disparities," while never having read said decisions; (2) minimized the inaccurate summaries as "immaterial misstatements about the cited cases' tangential details," while having never read said decisions; and (3) failed to correct his misstatements and to disclose that one case did not exist. Reply Br. 14. Additionally, Counsel shall address his failure to self-disclose to the Court, prior to the Court's letter, the inaccuracy and non-existence of cases cited. Counsel is advised that the Court is considering imposing discipline in the form of monetary sanctions. Counsel shall file his response within 10

days of the date of this order. Within 10 days of the date of this order, Counsel may file an application requesting to appear before the panel in person. If he does so, the panel will schedule a hearing.

    This panel may also refer this matter to the Standing Committee on Attorney Discipline.

By the Court,

s/ Cindy K. Chung
Circuit Judge

Dated: July 21, 2025
PDB/cc: All Counsel of Record